84/259-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

To Clerk of Court:

Re: Submission of motions + writs

Dear Sir / Madam:

Enclosed are motions and writs to be submitted on the docket for the Judge(s) to rule on. Once endorsed and filed on the docket can you provide me: a) copy of the endorsed / filed documents b) the docket # assigned c) some type of timeline as to when this may be scheduled?

I am incarcerated without any outside help / resources, I have no way of calling the court for the status of my case, nor access to a computer to check it's status. Thus, asking for an idea as to how long this normally takes as I am new to this. Can I simply write you asking for a status; if I have not heard back from the court in a few weeks / months?

Thank you for your time, respectfully submitted for endorsement / filing.

George Vogel # 1902544
Polonsky Unit
3872 FM 350
Livingston Tx 77351

Cause no

In re
George Wilhelm Vogel          § In the Criminal
(Relator)

          ✓                    § Court of Appeals

Deputy Clerk of Court, Troy Ward,
Clerk of Court, Christopher Prine,
                              §    Austin, Tx
Chief Justice, Honorable Kem Thompson Frost,
Justices; Honorable Sharon McCally, Honorable Marc Brown,
Honorable Ken Wise,

and the Fourteenth Court of Appeals in their official capacity
or their successors.
     (Respondents)

Plaintiffs original application for: Writ of Mandamus and
'Extraordinary matters'
To the Honorable Judge of said court:

Comes now, George Wilhelm Vogel, Relator pro se, in the above-styled
and numbered case and files this original application for writ of
mandamus and 'extraordinary matters' pursuant to the laws, proc-
edures or rules contained within the writ, and would show
the court the following:

A.    Identity of parties

Relator

George Wilhelm Vogel, TDCJ #1902544
Relator is confined at the Polunsky Unit of TDCJ in Polk
County Texas, and can be contacted/located at:

3872 FM 350
Livingston, Tx 77351


Respondent(s)

Troy Ward, Chief Deputy Clerk of court,
Christopher A Prine, Clerk of court,
Honorable Kem Thompson Frost, Chief Justice of court,
Honorable Sharon McCally, Justice,
Honorable Marc W. Brown, Justice,
Honorable Ken Wise,
and the Fourteenth Court of Appeals in their official
capacity, or current successors that can be located at:

Fourteenth Court of Appeals
301 Fannin St., Ste 245
Houston, TX 77002 , in
Harris County Texas

B.    Table of Contents

Motion, suspend # of pages/words rule ............................... 1

Motion, suspend copy rule ............................................... 2

Motion, appointment of counsel ....................................... 3

– Declaration in support of right to counsel + inability to pay ... 4

– Order appointment of counsel ....................................... 5

Motion, liberally construe rules .................................... 6-10

Plaintiffs original writ of mandamus / extraordinary matters ... 11-85

  Section A  Identification of parties ............................. 12

       B.  Table of contents, see attached 13A (follows) ... 13, 13A

       C  Index of authorities ...................................... 14-18

       D.  Statement of case ....................................... 19-20

       E  Statement of jurisdiction ................................ 21

       F.  Issues presented for relief ............................. 22-30

       G, Statement of facts ...................................... 31-32

       H.  Argument ............................................... 33-62

       I.  Prayer ................................................... 63

       J. Certificate ............................................... 64

       K  Appendix ........................................... Blank page

         1. Affidavit ............................................. 65-76

         2. Statement of events ............................... 77-79

         3. Sworn statement ..................................... 80

         4. Black's Law dictionary definitions ................. 81

         5  TCCP 2.03, 2.16, 2.21, 2.22 ..................... 82-83

         6  TRAP 52 (.1), (.2), (.3) checklist ............... 84-85

         7  TDCJ printed Inmate trust fund account ........ 86
             (Showing indigence, continued )

Table of contents for Section H. Arguments listing each point.

I VIOLATION OF MINISTERIAL ACTS/DUTIES                                    33

  1 VIOLATION OF MINISTERIAL ACTS/DUTIES                              33

  2 FAILURE TO DOCKET CASE AND PRESENT TO JUDGE          34

  3. FAILURE TO FILE AND DOCKET CASE W/i REASONABLE TIME 35

  4. FAIL TO RESPOND OR COMMUNICATE W\ BOTH PARTIES...  35

  5. FAILURE TO PREVENT PREJUDICE, OVERSEE PROMPT...  37

II RESPONDENTS VIOLATED RELATORS RIGHT TO PETITION 39

III VIOLATIONS OF RELATORS CONSTITUTIONAL RIGHTS   40

  A. Constitutional right of DUE PROCESS VIOLATED          41

  B. RIGHT TO PETITION COURT FOR POST CONVICTION RELIEF.. 43

  C RELATORS RIGHT TO FAIR/IMPARTIAL TRIAL VIOLATED 46

  D CONSTITUTIONAL RIGHT TO COUNSEL VIOLATED          48

  E. CONSTITUTIONAL RIGHT TO EFFECTIVE COUNSEL VIOLATED 51

  F RELATORS CONSTITUTIONAL RIGHT TO ACCESS TO COURTS VIOLATED 55

  G. RELATOR IS BEING DETAINED ILLEGALLY          61

13A

C.     Index of Authorities

                                                                page(s)

Code of Judicial Conduct

Canon 3                                                          37


F_d

Aron v US              291 F3d 708                              40,58

Davis v Lafler         601 F3d 439                              58,59

Hebbe v Pliler         627 F3d 338                              57

Simpson v Nickel       450 F3d 303,305                         58

Tak v Wood             963 F2d 20                              57


F_ Supp

Davis v Lafler         692 F Supp 2d 705                        57


Georgetown Law Journal

42 Geo LJ. Ann Rev Crim proc 1074-1075 (2013)  42,58,61


Lexis

Tex App Lexis

In re State 2006 Tex App Lexis 109                             33

McClain    2015 Tex App Lexis 2505                            54,55

US Dist Lexis

Denton v Stephens   2015 US Dist Lexis 33003                   54

S.W. digest

| Case | Citation | Pages |
|---|---|---|
| Alvarez | 79 SW 3d 679 | 30, 49 |
| Barganier v Saddlebrook Apt | 104 SW 3d 171 | 33 |
| Birmingham Fire Ins Co. | 928 SW 2d 226 | 38 |
| Cantu | 641 SW 2d 557 | 28 |
| Champion | 82 SW 3d 79, 126 SW 3d 686 | 30, 50 |
| Ex Parte Axel | 757 SW 2d 369 | 28, 51 |
| Ex Parte Bradley | 546 SW 2d 305 | 27 |
| Ex Parte Castellano | 863 SW 2d 476 | 29, 55 |
| Ex Parte Crow | 180 SW 3d 135 | 28 |
| Ex Parte Stanford | 571 SW 2d 28, 29 | 27 |
| Garcia | 97 SW 3d 343 | 30 |
| Henley | 454 SW 3d 106 | 42 |
| Hill et al | 528 SW 2d 259 | 26 |
| Holmes | 323 SW 3d 163 | 42, 53 |
| In re Alsenz | 152 SW 3d 617 | 26 |
| In re Molina | 943 SW 2d 885 | 26 |
| In re Simmonds | 271 SW 3d 874 | 34 |
| In re Smith | 270 SW 3d 783 | 34, 37 |
| In re Stein | 331 SW 3d 538 | 26 |
| In re Villarreal | 96 SW 3d 708 | 35, 38 |
| Jack | 64 SW 3d 694 | 29, 49 |
| Jennings | 890 SW 2d 809 | 29 |
| Martin v Hamlin | 25 SW 3d 718 | 27 |
| McFarland | 928 SW 2d 482 | 53 |
| Musgrove | 425 SW 3d 609 | 57 |
| Oldham | 889 SW 2d 461 | 49 |
| Prudhomme | 28 SW 3d 114 | 28, 29, 50, 52 |

| | | |
|---|---|---|
| Radcliff | 106 SW 3d 536 | 30 |
| Ridgeway | 438 SW 2d 804 | 27 |
| Robinson | 16 SW 3d 808 | 53 |
| Salazar | 222 SW 3d 7 | 26, 29, 53 |
| Scarborough | 777 SW 2d 83 | 57 |
| Shields | 550 SW 2d 670 | 51, 53 |
| Stevens v. McClure | 732 SW 2d 115 | 50 |
| Theus | 863 SW 2d 489 | 38 |
| Trevino | 565 SW 2d 938 | 29, 49 |
| Tuffiash | 878 SW 2d 197 | 27 |

## Tex Code of Criminal Procedure (TCCP)

| | |
|---|---|
| 1.04 | 39, 41, 44, 47, 48, 51, 57, 61 |
| 1.051 | 39, 41, 48 |
| 2.03 | 33 |
| 2.16 | 33 |
| 2.22, 2.21 | 33 |
| 26.13 | 51 |
| 35.28 | 37 |
| 40.001 | 51 |

## Tex Constitution

| | |
|---|---|
| 1 §10 | 39, 41, 44, 47, 48, 51, 57, 61 |
| 1 §19 | 39, 41, 44, 47, 48, 51, 61 |

Tex Rules of Appellate Procedure (TRAP)

| | |
|---|---|
| Rule 2 | 44,47 |
| 4.1 | 37 |
| 4.5, 4.5(d) | 36, 37, 44 |
| 10 | 39, 44 |
| 10.5 | 39, 44 |
| 12, 12.1(c) | 34 |
| 18.4 | 34 |
| 21 (.3), (.9) | 39, 44 |
| 25.2, 25.2(a)(2)(e) | 34, 39, 41, 43, 44, 50 |
| 35.3 (a) | 34, 35 |
| 37.1 | 34, 36 |
| 38 (.3), (.9) | 39, 44 |
| 38.6 | 47 |
| 38.8 (2) | 37, 47 |
| 44.2 | 47 |
| 69.4 | 35, 36, 37 |
| 71, 71.4 | 39, 44 |
| 72 (.1), (.2) | 39, 44 |
| 78.2 | 39, 44 |
| Appendix I Local rule (K) | 39, 44 |

## Tex Rules Civ Pro

| | |
|---|---|
| Rule 18 | 34 |
| Rule 24 | 34 |
| Rule 47 | 39,44 |

## Tex Rules of Judicial Administration

| | |
|---|---|
| Rule 5 | 37,47 |
| Rule 7 | 37,47 |

## U.S.

| | | |
|---|---|---|
| Ake v Oklahoma | 470 US 78,84 | 59 |
| Alabama v Shelters | 535 US 654 | 48 |
| Argeringer v Hamilton | 407 US 25 | 48 |
| Brady v Maryland | 383 US 83,87 | 51 |
| Evitts v Lucey | 469 US 387 | 47,51,52,54 |
| Gideon v Wainwright | 372 US 335 | 48 |
| Hughes v Rowe | 449 US 5 | 26 |
| Iowa v Tovar | 541 US 77,80 | 27 |
| McCoy | 486 US @438 | 54 |

## US Constitution

| | |
|---|---|
| Amend 1 | 39,41,44,57,61 |
| 4 | 41,44 |
| 5 | 39,41,44,47,48,51,57,61 |
| 6 | 39,41,44,47,48,51,61 |
| 14 | 39,41,44,47,48,51,57,61 |
| 28 USC 1107, 2254, 2255,... | 43,44 |

D.    Statement of case

Defendant convicted and sentenced on Nov 18-19, 2013 in Montgomery County Tx in the 359th District Court located at 207 W. Phillips St, Conroe Tx 77301, Judge Kathleen Hamilton presiding over bench trial on cause # 13-04-04450-CR for aggravated sexual assault of a child. Post trial the court granted defendant the ability to appeal the conviction and trial counsel filed notice of appeal and motion to withdraw Dec 13, 2013.

Appellant is appealing conviction through the 14th Court of Appeals in Harris County Tx located at 301 Fannin St, Ste 245, Houston Tx 77002, case #'s 14-14-00104-CR, 14-14-105-CR, 14-14-00106-CR.

Respondents (Deputy Clerk of Court, Clerk of Court, Chief Justice and Justices of 14th Court of Appeals) as named in 'A. Identities of parties', 'Respondents'; list the court officers, titles, names and office.

Relator seeks to have the Clerk of Court to endorse, file on docket, provide endorsed copy back to Relator, submit to Judge for a ruling, and communicate any defects in the petitions (letters, motions, responses) to Relator for an opportunity to correct or ammend the defect. Additionally he requests the Clerk of Court and the Judge ruling each of these items to construe the petitions liberally as Relator has been deprived / denied access to courts at the time in which he originally submitted these items. All items sent to court of Appeals by Relator should be retrieved by Clerk of Court and individually filed as a seperate docket # so the Judge can rule on each. Relator requests counsel for the complexity of these issues to represent him, 'in the interest of justice'. He also requests a post-mortem review, so as to ensure that others are not prejudiced in the same way. Relator seeks the time tables to be reset to the point at which he gave notice of appeal and requests appointed

counsel to represent him. Relator seeks to file a motion for new trial, during which time the courts failed to perform their ministerial acts/duties within a 'reasonable' time frame. Relator seeks to have the opportunity to his 'guaranteed' 'rights'; right to petition, right to counsel, right to effective assistance of counsel, right to a fair and impartial trial, due process, ... to include his liberty (not just physical) but his fundamental rights. Relator requests the Respondents to perform their ministerial acts/duties as required as officers of the court, as required by law. Relator further requests the Criminal Court of Appeals, or an appointee of the court to monitor this case to ensure there is no retaliation for bringing forth this writ of mandamus/extraordinary matters. Relator requests the opinion by the court Dec 2, 2014 and the mandate issued in ^Feb/March 2015 to be vacated. Along with the additional requests for relief presented in Section F. Issues presented for relief and its subsections.

E.     Statement of jurisdiction

As dictated by law and cases cited a defendant is entitled to the following as rights prescribed:

1. The 'right to Due process; it is through Due process that,

2 the defendant is entitled to counsel at every stage of critical proceedings; and

3. he is also entitled to the right of effective assistance of counsel on his first appeal.

The Court of Criminal Appeals has approved procedural methods for resolving issues "sooner rather than later" and emphasized the importance of rectifying denial of Constitutional guaranteed rights.

A motion for new trial is the only opportunity to present matters for appellate review, thus a motion for new trial hearing is the proper time to develop a record to determine items such as ineffective assistance of trial counsel, involuntary pleas, improper admonishments, ....

A hearing on motion for new trial is the only opportunity to present to trial court certain matters that may warrant a new trial and to make a record of those matters for appellate review.

Time period for filing a motion for new trial is a 'critical stage' in which defendants are entitled to the assistance of counsel.

F    Issues presented for relief ( 10 points of relief )

Relator is / has been deprived of, or denied by Respondents of the following rights guaranteed by the U.S. and or Texas Constitution:

1. Due process
2. Right to Counsel
3. Right to effective assistance of counsel
4. Right of Access to Courts
5. Right to counsel during 'critical stage' of trial (No Counsel)
6. his liberties, ability and rights to seek or pursue (petition) relief from conviction as mandated by laws, procedures or rules.

(Thus he is being illegally detained in violation of rights listed above)

Respondents acts or omissions of ministerial acts or duties that have denied / deprived Relator relief are presented to the Criminal Court of Appeals for review and further presented for relief in the interests of Justice.

7. Failed to place all motions, letters or responses on docket as required by law and notify / reply to all parties.
8. Failed to reply or respond to letters, motions or responses by Clerk of Court or by Judicial order / decision.
9. Failed to contact all parties within a 'reasonable' time frame.
10. Courts has refused / denied appellant a fair + impartial appeal.

The issues presented above are ministerial acts and or duties placed on the Courts prescribed by law, procedure or rules. Relator has exhausted all remedies allowed by law, procedure or rules. There are not any other remedies available to the Relator.

<u>Relief sought by Relator</u>

Relator seeks the Criminal Court of Appeals to mandate the following through the Court of Appeals' in the interests of justice'. Items noted below follow sections G. Statement of facts and H. Argument.

Section titled <u>Violation of Ministerial acts/duties</u>

Mandate the COURT OF APPEALS to:

1. Retrieve <u>all</u> items submitted to the court by Relator.

2. Endorse and file <u>each</u> of them on the docket

3. Notify both parties once items have been placed on the docket; or notify both parties of any defects in the petition/motion, so they may be appended or corrected.

4. Present them to the Judge to be ruled upon in a timely manner.

5. Liberally construe Relators submitted petitions, letters, motions, responses for the entire substance; as he was without counsel and without access to courts (law library) during much of this time, prejudicing him from filing items correctly.

6. Notify both parties of anticipated date of ruling and ensure communication with Relator.

7. Reverse the mandate and opinion filed, abate appeal for further review

8. Reset the time tables anew, at the point at which Relator gave notice to appeal.

9. Require court to perform after action review to ensure the timeliness, communication and proper management of docket. (to ensure this does not happen to others)

Section titled: Respondents violated Relators right to petition

Mandate the COURT OF APPEALS to:

1. Ensure Relators guaranteed right to petition

2. Not allow retaliation or prejudice for Relator submitting writ of Mandamus requesting relief through the Criminal Court of Appeals.

3. Require the court to look at the entire substance of the petitions, motions, letters or responses when construing it; due to the lack of access to courts and counsel. Not being a lawyer, Paralegal or legal assistant Relator was without the knowledge to Properly submit format and the arguments/syntax needed to Properly submit issues before the court.

Section titled: Violation of Relators Constitutional Rights

Mandate the COURT OF APPEALS to:

1. Ensure Due process by allowing him to petition courts for relief and submit his letters, motions, responses/petitions before the court and have a Judge rule on each of the items/issues presented to the court (whether submitted timely or not).

2. Ensure Relator can file for post conviction relief as noted above and receives relief 'in the interests of justice'.

3. Allow for out of time filings due to "extra ordinary matters" submitted to the courts, and reset time tables a new.

4. Grant Relator a fair and impartial trial, By appointing new counsel.

5. Ensure Relator receives the opportunity to file a motion for new trial and is appointed counsel at this 'critical stage' as he was not appointed counsel during this time period.

6 Appoint new counsel on direct appeal and mandate counsel to pursue the issues/theories Relator brought to the courts attention.

in his previous letters, motions, responses petitions.

7. Ensure that Relator has 'meaningful' access to courts via the law library. Issues at TDCJ have prevented Relator from access (as well as many others) to the law library, making it very difficult / impossible to meet the courts stringent deadlines.

8 Release Relator, as he is being detained illegally if the courts / TDCJ can not comply with the mandate and Relators guaranteed Constitutional rights.

In appointing new counsel for direct appeal and for counsel to represent client during motion for new trial; Relator has identified a theory during the appeal that would require development in a motion for new trial. Relator requests that the trial court when appointing new counsel; mandate the newly appointed counsel to explore / investigate theory to be filed in a motion for new trial

[authorities]

Writ granted, returned to the point at which he gave notice of appeal. Since retained counsel failed to diligently prosecute appeal. This conduct amounts to a breach of legal duty.     Hill et al 528 SW 2d 259

Courts look to the entire substance of an order in construing it.
In re Alsenz 152 SW 3d 617

Order is void if it is beyond power of court to enter it, OR if it deprives Relator of liberty without due process of law. In re Stein 331 SW 3d 53 B

To establish abuse of discretion 1) legal duty, 2) asked to perform. 3) failed/refused to do so... A trial court is required to consider and rule upon a motion within 'reasonable' time. In re Molina 943 SW 3d 885

While disapproving of reliance on former rule of TRAP 2(b) as authority, the Criminal Court of Appeals has approved procedural methods for resolving issues "Sooner rather than later" and emphasized the importance of rectifying denial of constitutional right to counsel.
Salazar 222 SW 3d 7

Prisoners Pro se civ rights complaint however "inartfully" pled is held to less stringent standards than formal pleadings drafted by lawyers.
Hughes v Rowe 449 US 5, 101 SCt 173

The method of giving notice of appeal has been liberalized and made less technical, out of time appeal allowed to prefect record, because

of confussion amoung attorneys the appeal was not prefected.
Ex Parte Bradley 546 SW 2d 305

Petitioner deprived of his right to direct appeal with assistence of counsel. Federal cases cited holding 'an indigent is entitled to have apointment of counsel on appeal. Ridgeway 438 SW 2d 804 case 2

Mandamus under Habeas 11.07, defendent files post conviction relief in trial court the court Must enter order within 20 days. Trial court order was untimely. Writ of Mandamus directing District Clerk to do job. Court of Criminal Appeals conditionally issued.
Martin v Hamlin 25 SW 3d 718

Defendants motion TRAP 2(b) and 80(c) to abate appeal for filing out of time motion for new trial was granted where new evidence has been discovered since, which raised the issue of whether the forensic serologist gave perjured testmony. Because newly discovered evidence may not be proper claim to be raised by petition for post conviction relief, habeas corpus suspension of rules is required here to prevent miscarriage of justice. Tuffiash 878 SW 2d 197

The 6th amend safeguard to an accused who faces incarceration the right to counsel at ALL 'critical stages' of the criminal procedure. Iowa v Tovar 541 US 77, 80

Denial of counsel at ANY critical stage entitles petitioner to relief Ex parte Stanford 571 SW 2d 28, 29

Ineffective assistance of counsel, where counsel denies the opportunity to take advantage of an available remedy, in order to show prejudice, he need merely show a reasonable probability, that he would have been availed himself of that remedy.
Ex Parte Crow 180 sw 3d 135

It was error for the court to deny the defendant the opportunity to present evidence of such ineffectiveness. The appeal was abated to allow the trial court to determine the merits of defendant's claim . Cantu 641 sw2d 557

Defendant denied effective assistance of counsel on appeal, entitled to out of time appeal, where retained counsel took no action to preserve defendants appeal rights, despite defendants desire to appeal. Ex Parte Axel 757 sw 2d 369

The determination of whether a particular time period is a 'critical stage' turns on assesment whether at the time in question' the accused required aid in coping with legal problems or assistance in meeting his adversary 'in. He was deprived of important opportunity which he would have otherwise had as of right, Opportunity to present his motion to trial court, opportunity to have a hearing and make record for appellate review... Therefore the appeal of this case is abated, the case remanded to trial court to the point at which defendant was convicted and sentence imposed. The timetables for motions for new trial shall begin running anew on the date opinion is received by the District Clerk. If trial court grants motion, the record will be supplemented with courts order and reporters record of any hearing on such motion

and parties will be permitted to brief ANY issues related to the overruled motion. Prudhomme 28 SW 3d 114

Due process violation of 14th amend, use of perjured testimony of "material" evidence    Ex Parte Castellano 863 SW 2d 476

A motion for new trial hearing is also the proper time to develop a record... Time period for filing motion for new trial is a 'critical stage' in which defendants are entitled to assistance of counsel    Trevino 565 SW 2d 938, 940

Such as the actual or constructive denial of counsel altogether at a 'critical stage' of a criminal proceeding,...prejudice is presumed."    Jack 64 SW 3d 694

Defendant denied counsel in COURT OF APPEALS on remand, no harmless analysis was appropriate and the case was remanded to the trial court for appointment of counsel. Jennings 890 SW 2d 809

Defendant denied effective assistance of counsel where he was effectively abandoned by counsel during the time period for preparing filing & presenting motion for new trial. The defendant identified a theory on appeal that would require development in a motion for new trial. Thus he was prejudiced by a lack of counsel. Remand to permit the filing of a motion for new trial, and there after, an appeal if needed. See also Davis 228 SW 3d 917    Salazar 222 SW 3d 7

The defendant was entitled to remand for the appointment of counsel and filing of a motion for new trial assisted by counsel. During the thirty day period for filing of a motion for new trial, **NO COUNSEL** was appointed to represent the defendant. The motion for new trial is a critical stage at which counsel is required.

~~Ratcliff~~ Radcliff 126 SW 3d 534

See also similar cases: Champion 82 SW 3d 79, 126 SW 3d 686 and Garcia 97 SW 3d 343 + Alvarez 79 SW 3d 679.

G. Statement of facts

I VIOLATION OF MINISTERIAL ACTS/DUTIES

1. Respondents have denied/deprived Relator from obtaining relief and his guaranteed constitutional rights, by not performing their Ministerial acts/duties and refusing to do so pursuant to the codes, laws, procedures and rules for officers of the courts.

Ministerial acts/duties include: endorsing the petition/motion, filing on the docket, submitting to the Judge in a timely manner, rule on petition, respond to all parties, allow party an opportunity to append or correct defect, if possible, oversee the docket process as well as manage it, liberally construe the rules for Pro se petitioners. See Appendix for: Blacks Law Dictionary for definitions of Ministerial, act, duty, officer, TCCP 2.03, 2.16, 2.21, 2.22 and the included affidavit and Statement of events. Section H. Argument I VIOLATION OF MINISTERIAL ACTS/DUTIES follows this section of Statement of facts and continues throughout. (in relation G 1 corresponds to H1, G2 to H2,...)

2. Respondents failure to docket case and present to Judge. Respondents have failed to perform their Ministerial acts/duties as prescribed by law.

3. Respondents failed to docket case in 'reasonable' time

4. Respondents failed to reply, respond or communicate with Relator, not even a courtesy reply.

5. Respondents have failed to prevent prejudice. By not performing acts/duties as officers of the court.

See attached affidavit and Statement of events.

## II. RESPONDENTS VIOLATED RELATORS RIGHT TO PETITION

Relator submitted several petitions to the court showing his due diligence by bringing items forward to the courts attention. Respondents have refused to perform their ministerial acts/ duties as required, in accordance with the laws, procedures or rules of the court(s). Respondents failed to place items on the docket and submit for a Judge to rule on. This denies/ deprives Relator of his opportunity to petition the court, present a defense, seek relief, appeal conviction, and due process. See attached affidavit and statement of events in the Appendix.

## III. VIOLATION OF RELATORS CONSTITUTIONAL RIGHTS

### i. VIOLATION OF RELATORS CONSTITUTIONAL RIGHTS

Respondents refusal to perform ministerial acts/duties pursuant to codes, laws, procedures and rules as officers of the court violates Relators guaranteed Constitutional rights, to include, but not limited to:

A. Relator denied/deprived of due process right

B. Relator denied/deprived of right to petition

C. Relator denied/deprived of fair and impartial trial.

D. Relator denied/deprived of right to counsel

E. Relator denied/deprived of right to effective counsel

F. Relator denied/deprived of access to courts right

G. Relator denied/deprived of liberty and is illegally being detained.

See attached affidavit and statement of events in the Appendix.



H.   Argument

I. VIOLATION OF MINISTERIAL ACTS / DUTIES

1.     VIOLATION OF MINISTERIAL ACTS / DUTIES

[Summary] The acts / duties sought to be compelled by Respondents are ministerial, not discretionary in nature.

[authorities] Respondents ministerial acts / duties are imposed on clerks and Justices / officers of the court pursuant to T.c.c.P 2.03, 2.16, 2.21, 2.22, See also In re The State of Texas, Ex Relatione Armando Villalobos 2006 Tex App Lexis 109

Being an officer of the court, the clerk is subject to the courts direction and control in excercising ministerial duties such as filing documents, the clerk receives documents for filing on behalf of the court. Barganier v Saddlebrook Apt 104 sw 3d 171,

[Evidence] See attachment: affidavit

[Harm] Respondents neglect of duty and refusal to perform ministerial acts / duties denied / deprived Relator of his Constitutional rights to petition the court for post conviction relief, appeal conviction, thus preventing him from Due process, Counsel, right to effective assistance of counsel, access to courts and his liberty. Relators guaranteed rights as prescribed by law have been denied / deprived, which has resulted in a miscarriage of justice and prejudiced the Relator of his Constitutional rights.

## 2. FAILURE TO DOCKET CASE AND PRESENT TO JUDGE

[Summary] Respondents failure to endorse petitions, (here in referring to any letter, motion or response sent to the court by the Relator) place on docket (reguardless of the timeliness or untimeliness of the filing) and present to Judge for a ruling in a timely manner in accordance with Duties of the Clerk.

[authorities] Respondents Ministerial acts/duties include: filing papers and docketing case in order to present to Judge for a ruling pursuant to: TRAP 12, 12.1(c), 18.4, 25.2 (a)(2)(e), 35.3(a), 37.1, Tex R Civ Pro 18, 24.

Clerk of court abused discretion by refusing to file letter of party who was attempting to appeal. In re Smith 270 SW 3d 783.

The District Clerk has a ministerial duty to accept and file all pleadings presented for filing. In re Simmonds 271 SW 3d 874

[Evidence] See attached affidavit, See Statement of events.

[Harm] Respondents neglect of duty and refusal to perform ministerial acts/duties denied/deprived Relator of his Constitutional rights to: petition the court for post conviction relief, appeal conviction, thus preventing him from Due process, Counsel, right to effective counsel, access to courts and his liberty. Relators guaranteed rights by law have been denied/deprived, which has resulted in a miscarriage of justice and prejudiced the Relator of his rights.

34

3. FAILURE TO FILE AND DOCKET CASE WITHIN 'REASONABLE' TIME

[Summary] Respondents refusal to place items on the docket and present to Judge for ruling within a 'reasonable' time.

[authorities] TRAP 35.3(a)(c), 69.4

Trial Court has 'reasonable' time within which to act before Court of Appeals will compel action through issuance of Writ of Mandamus and whether time elapsed is dependent upon circum=stances of each case. In re Villarreal 96 sw 3d 708

[Evidence] See attached affidavit, See Statement of events

[Harm] Respondents neglect of duty and refusal to perform ministerial acts / duties denied / deprived Relator of his Constitutional rights to: petition the courts for post conviction relief, appeal conviction thus preventing him from Due process, Counsel, right to effective assistance of counsel, access to courts and his liberty. Relators guaranteed rights by law have been denied / deprived, which has resulted in a miscarriage of justice and prejudiced the Relator of his rights.

4. FAILURE TO: RESPOND OR COMMUNICATE WITH BOTH PARTIES, FAILURE TO REPORT ANY DEFECT

[Summary] Respondents failed to respond or communicate with both parties. Relator sent multiple petitions to the court to be placed on the docket for a Judge to rule on.

35

Respondent refused to place petitions on the docket for a Judge to rule on in a timely manner (whether or not petition was filed in a timely manner or not), further the Respondents have not communicated with both parties of any defect in the petitions submitted, nor has Respondents given Relator to correct or address any defect or issue within the petitions had there been any defect or issue contained within or omitted from the petition.

[authorities] TRAP 45 (d), 37.1, 69.4(a)
If a clerk determines that the notice of appeal or certificate of defendants right of appeal in a criminal case is defective, the clerk must notify both parties of the defect so that it can be remidied, if possible.     TRAP 37.1

When court refuses or dismisses a petition, the clerk will send to parties and State's Prosecuting Attorney a notice informing them that the petition was refused or dismissed.   TRAP 69.4 (a)

If court finds that motion for time was timely filed and party did not within time for filing the motion for re-hearing (en banc, PDR,...) receive the notice or have acknowledged knowledge of judgement of order, court must grant motion. The time for filing document will begin to run on date when court grants motion.     TRAP 4.5 (d)

[Evidence] See attached affidavit

[Harm] Relator submitted multiple petitions to the court seeking post conviction relief and seeking to appeal his conviction as allowed by law. Respondents refusal to perform ministerial acts/duties by failing to communicate with both parties and or report any defects in the petitions. This has prejudiced Relator from obtaining relief as allowed by law, thus a denial and deprivation of his Constitutional rights to: petition courts, appeal his conviction, Due Process, right to Counsel, right to effective assistance of Counsel, access to courts, and his liberty.

5.   FAILURE TO: PREVENT PREJUDICE, OVERSEE PROMPT DISPOSITION OF DOCKET, DOCKET MANAGEMENT.

[Summary] Respondents failed to ensure proper docket management through receipt of petitions, docketing case in a timely manner, to ensuring that each has a prompt disposition. Failure to perform ministerial acts/duties results in prejudice calculated to injure the rights of the Relator, thus in violation of Codes, rules, laws, procedures, Canon,...

[authorities] Code of Judicial Conduct, Canon 3, TCCP 35.28, TRAP 4.1, 4.5, 38.8(2), 69.4, Tex Rules of Judicial Administration R5,7 In filing petition, motion or letter whether timely or untimely, Clerk of Court must file and forward to appropriate Appellate Court, Clerk of Court abused discretion by refusing to file letter of party who was attempting to appeal.    In re Smith 270 sw 3d 7.83

Instrument deemed filed with proper Clerk of Appellate Court on its receipt by Clerk of Court. District Court has a ministerial duty to accept and file pleadings presented for filing. Birmingham Fire Ins. Co. 928 SW 2d 226.

Court of Appeals failed to afford indigent opportunity to file a brief.... Theus 863 SW 2d 489

Trial Court has reasonable time within to act before Court of Appeals will compel action through Writ of Mandamus. In re Villarreal 96 SW 3d 708

[Evidence] See attached affidavit, See statement of events

[Harm] Relator seeks to appeal his conviction and seeks post conviction relief. Relator submitted multiple petitions to the Court of Appeals to be placed on the docket and ruled on or replied to. Respondents ministerial acts / duties are to present to the court by placing petitions on the docket; whether submitted timely or not. No response has been received by the Clerk of the Court / Court of Appeals, not even a courtesy reply has been extended. The Clerk of Court has been given 'reasonable' time per statute to place items on the docket and for the clerk of counter court to rule on the petition or reply / respond with Relator.

## II  RESPONDENTS VIOLATED RELATORS RIGHT TO PETITION

1. RESPONDENTS VIOLATED RELATORS RIGHT TO PETITION

[Summary] Relator submitted several petitions to the court showing his due diligence by bringing to the courts attention issues related to his case and his Constitutional rights, to which he is entitled to relief in accordance with the Constitution (US and Tx) as well as codes, laws, procedures and rules. Relator has been unsuccessful in getting replies or responses from the court.

The US and Texas Constitutions as well as several codes, laws, procedures and rules provide the convicted vehichles for post conviction relief. The following is not an exhaustive list : Motions(new trial, extension of time, new counsel, re-hearing, suspension of rules), Habeas 11.07, 28 USC 2254, 2255, Writs of extraordinary issues, mandamus, remand in the interests of justice. Additionally the rules provide for those that are convicted / incarcerated and are indigent or proceeding Pro Se the following; TRAP Appendix I local rules, Construction of the rules, in order to avoid prejudice to ANY person who makes good faith effort to comply with the rules.

. [authorities] USCA 1, 5, 6, 14  Tex Const 1 §10, 19, TCCP 1.04, 1.051, TRAP 10, 10.5, 21 (.3)(.9), 25.2 (2), 38 (.3)(.9), 71, 71.4, 72 (.1)(.2), 78.2 Appendix I Local Rule(4) Tex R Civ Pro 47

Due diligence therefore does not require a prisoner to undertake repeated excercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individulized one that "must take into account the conditions of confinement and the reality of the prison system."
Montenegro 248 F 3d @592          Aron., US 291 F 3d 708 (CA 11 2002)

[Evidence] See attached affidavit, See Statement of events

[Harm] Respondents ~~denied / deprivation of~~ denied / deprived Relator of his Constitutional rights to petition the courts for post conviction relief as allowed by law, procedure, rule. Thus a denial of his Constitutional (US+Tx) rights to: petition the courts on his appeal, petition the courts for post conviction relief, Causing a miscarriage of justice as Relator is denied of Due process, counsel, right to effective assistance of counsel, right to access to courts, and his liberty.

III     VIOLATION OF RELATORS CONSTITUTIONAL RIGHTS
~~I VIOLATION OF RELATORS CONSTITUTIONAL RIGHTS~~
[Summary] A direct result of Respondents refusing to perform their ministerial acts/duties has caused a miscarriage of justice, calculated to injure the rights of Relator. Relators guaranteed rights as prescribed by law have been violated. US and Tx Const laws guarantee certain unalienable rights. The following list shows that Relators rights were violated while petitioning court for relief.

[authorities] USCA 1,5,6,14 Tx Const 1§10,19 TccP 1.04,1.05/

[Evidence] See attached affidavit, see Statement of events

[Harm] Relator submitted multiple petitions to the court for relief. Respondents refused to perform ministerial acts/duties, thus denying Relator relief as allowed by law. Respondents refusal to place petitions on the docket and present to the court in a timely manner for a Judge to rule on, or even provide the common courtesy of a response, or notify parties of any defects in the petitions. Respondents have been given 'reasonable' time to perform acts/duties.

A. <u>CONSTITUTIONAL RIGHTS OF DUE PROCESS VIOLATED</u>
[Summary] Under TRAP 25.2, Relator has the right to petition for an appeal and seek/pursue post conviction relief. Relator submitted several petitions to the COURT OF APPEALS for post conviction relief as allowed by law. Respondent refused to endorse, file on the docket (whether presented timely or untimely), notify both parties, provide party an opportunity to ammend any defect in the petition and present to Judge in a timely manner to rule on. Nor has Relator been extended the common courtesy of a response or reply by the COURT OF APPEALS.

[authorities] USCA 1,4,5,6,14 TxConst 1§10,19 TccP 1.04 TRAP 25.2

The Fifth and Fourteenth amendments prohibit the government from depriving an inmate of life, liberty or property without due process of law. A violation of procedural due process requires 1) that the State has interfered with the inmate's protected liberty or property interest, and 2) that procedural safeguards were constitutionally insufficient to protect against unjustified deprivations. 42 Geo L.J. Ann Rev. Crim Proc 1074, 1075 (2013)

Whether rooted directly in the Due process clause of the 14th amend or in the compulsory process or confrontation clause of the 6th amend, the Constitution guarantees criminal defendant "a meaningful opportunity to present a complete defense." Holmes v. Tx 323 Sw 3d 163; 2010 Tex App Crim Lexis 17

The right to present a complete defense is rooted in the Const to Due process under both 5th + 14th amend to U.S.C., Right to due course of law under Tex Art 1 §19    Henley 454 Sw 3d 106

[Evidence] See attached affidavit

[Harm] Relator submitted multiple petitions to the Court of Appeals. Respondents refused to file petitions on the docket and bring items to the Judges attention to rule on. Respondents refusal to perform ministerial acts/duties denied/deprived Relator of his rights as prescribed by Constitutional law. Relator is being detained without the guaranteed provisions and rights provided by US and Texas Constitution.

## B. RIGHT TO PETITION COURT FOR POST CONVICTION RELIEF DENIED BY COURT

[Summary] The US and Tx Constitution, laws, procedures and/or rules contain several vehichles for post conviction relief for prisoners pursuing relief from conviction. The following Is not an exhaustive list of vehichles in which one can seek / pursue relief: 28 USC 2254, 2255, Habeas 1107, TRAP 10, 25.2 as well as various motions (for new counsel, new trial,...) writ of mandamus, extraordinary relief,... Relator submitted several petitions to the court thus showing his desire to appeal the conviction and seek relief as allowed by law. Relator continues to show the court due diligence in pursuing this matter, and continues to bring these 'extraordinary matters' to the courts attention. Respondents refusal to perform Ministerial acts / duties is a direct violation of due process and impedes Relator from petitioning and receiving relief by the court as allowed by law and guaranteed via his constitutional rights. Not only have the Respondents not filed and docketed the petitions, the Court of Appeals has not managed the docketing process to ensure that all items are timely filed on the docket and submitted to the Judge to rule upon in a timely manner, nor have any steps been taken to reply or respond to the Relator. Relator submitted extension of time due to issues beyond his control; these extraordinary matters should be reviewed and ruled upon by a Judge. The courts have the ability to invoke sua sponte TRAP 2 b to suspend certain rules, in the interests

of justice' to allow Relator additional time to file his brief or response, because of interference by the government (TDCJ), and or any other extra ordinary cause that may cause prejudice to Relator. In TRAP Appendix I, Construction of the rules it states the rules must be liberally construed as to avoid prejudice to ANY person who makes a good faith effort to comply with the rule. Relator shows not only his due diligence, but also asserts that he has made repeated attempts to communicate with the court; showing reasonable efforts on his behalf and reasonable time for the court to reply or respond. In Relators petitions; whether they contain defects or not, are filed timely or not, are not the proper syntax, or however inartfully pled before the court, the court should grant Relator a variance from the rules 'in the interests of justice' as he is not a lawyer, paralegal, and the court should take into account the conditions of confinement as well as the reality of the prison system.

[authorities] USCA 1,4,5,6,14 Tx Const 1 §10,19 TCCP 1.04 TRAP 2b, 4.5,10,10.5,21(.3)(.9), 25.2(2), 38(3)(.9),71,71.4,72(.1)(.2), 72 78.2, Tex R Civ Pro 47, Habeas 11.07, 2254, 2255, TRAP Appendix I Local Rule (K)

[Evidence] See attached affidavit,        See statement of events

[Harm] Respondents refusal to perform ministerial acts/duties directly impacts Relators guaranteed Constitutional rights of Due Process. His ability to petition the courts for post

conviction relief as allowed by law. Relator brings forward these issues as a miscarriage of justice to the Criminal Court of Appeals. By neglecting their duties the Relator has been denied the opportunity to present or develop the following theories and or evidence for appellate review as allowed by law. Relator is entitled to a fair and impartial trial or appeal on his 1st attempt.

- There are certain items that can be brought up on direct appeal, it is only during the Motion for new trial that items can be developed and or expanded in the record for appellate review. During this period Relator did not have ANY counsel, this is a 'critical stage' of the proceedings in which he is guaranteed counsel. Further, had counsel been appointed during this period Relator would have pursued the following items on the motion for new trial: Brady violations, Newly discovered evidence, Prosecutorial Misconduct, Improper admonishment, Involuntary plea, no fair/impartial trial, ineffective assistance of counsel and actual innocence.

- Relator received ineffective assistance of counsel on direct appeal, items include: failure to investigate, no 10 days to prepare for trial, conflict of interest+ perjury (this is a legal breach of duty); effectively Relator had no fair/impartial trial and no counsel.

- Relator has been denied access to courts. It is through counsel or access to courts that Relators rights can be safeguarded. His denial to 'meaningful' access during these critical stages must be preserved as they are guaranteed rights.

· Relators petitions contain 'extra ordinary matters' for the courts to review. Relator submitted these items/issues to Respondents so they could be ruled upon.

C. <u>RELATORS RIGHT TO A FAIR AND IMPARTIAL TRIAL VIOLATED</u>

[Summary] Respondents refusal to perform ministerial acts/duties deny/deprive Relator the right of a fair and impartial trial as guaranteed by Const. rights. It is through Counsel and access to courts in which a defendant or Relator can safeguard his rights. It is through petitions to the court for a ruling on post conviction relief or appealing one's conviction. It is through the court the Relator submitted and seeks relief; but after multiple attempts to communicate with the court unsuccessfully. Relator has been denied Counsel during a 'critical stage' of the appellate process (30 days post conviction is the ONLY time to file motion for new trial), this stage is the time to expand the record, advance theories,... Relator was not appointed counsel until almost 7 months after conviction. Also, Appellate Counsel was made aware of this and did not pursue safeguarding Relators rights. Relator made court aware of several other violations and issues with Appellate Counsel making them aware he was not afforded effective assistance of counsel, in the 'totality' of representation; it is if there was no counsel at all. Relator is guaranteed the opportunity to present a defense and effective assistance of counsel on his first appeal.

[authorities] USCA 5,6,14 Tx Const 1 §10,19 TccP1.04 TRAP 1,2,4.5,38.6,38.8,44.2, Tex R Judicial Admin R 5,7

Defendant has right to effective assistance of counsel on 1st appeal.                    Evitts v Lucey  469 US 387

[Evidence] See attached affidavit

[Harm] Had effective assistance of counsel been appointed, Counsel would have identified issues that needed to be investigated, Counsel would have reviewed the record thoroughly and validated that Relator did not receive Counsel during critical stage of proceeding and would have submitted a motion for counsel and a motion for an out of time motion, motion for new trial, Relator gave notice to Appellate Counsel on multiple communications that there were several egregious errors. Appellate Counsel became the de facto conflict of interest, by putting other clients and issues ahead of Relators. Appellate Counsel stated to Relator his office was too busy and did not have the resources to address Relators issues. Not only did counsel not provide effective assistance, it was if there was no counsel at all. Relator submitted this to the court; again he was denied / deprived off his rights. Relator at all times believed that counsel was working on his case or working to safeguard his rights; until he received statement from attorney stating he did not have the time, nor resources to work on my issues, thus too busy to work on my case.

## D. CONSTITUTIONAL RIGHT TO COUNSEL VIOLATED

[Summary] The courts violated Relator's right to counsel. The courts did not appoint ANY counsel during 'critical stages' of proceedings. Relator submitted petition to the court informing them he had NO COUNSEL during this stage, he requested counsel for the time period to file motion for new trial, which is deemed a 'critical stage' of proceedings, and requested to reset the timetables 'anew'. Respondents refused to place items / petitions on the docket for a Judge to rule on.

[authorities] USCA 5,6,14  Tex Const 1 §10,19  TeCP 1.04, 1.051
As a matter of Fed Const. law an indigent defendant is entitled to appointment of counsel. _Gideon v Wainwright_ 372 US 335

The requirement of Gideon applies to any case in which the sentence imposed involves a loss of liberty. _Argersinger v Hamilton_ 407 US 25

If deprivation of liberty is possible outcome of a conviction, counsel is required reguardless of whether confinement / sentence is actually imposed at time of conviction. _Alabama v Shelton_ 535 US 654

Where defendant argued that he was entitled to assistance of counsel in the prep. and presentation of his motion for new trial, the case would be remanded to the court of Appeals for consideration of his claim. The motion for new trial is a 'critical stage' of a criminal case to which right to counsel applies. Ineffectiveness, assistance of Counsel, defendant denied

effective assistance of counsel during 30 day period for filing for new trial. Defendant argued 'had conflict free counsel been appointed he would have filed motion for new trial, which would have demonstrated trial counsels ineffectiveness. Appeal abated, remanded for new appointment of counsel with opportunity to file motion for new trial.
Alvarez 79 sw 3d 679

Time period for filing motion for new trial was 'critical stage' of proceeding for purpose of determining whether defendant was denied effective assistence of counsel. Failure to appoint counsel for appeal until AFTER deadline for filing motion for new trial had passed, defendant was denied right to counsel at 'critical stage' of proceedings. USCA6   Oldham 889 sw 2d 461

Such as the actual or constructive denial of counsel altogether at a 'critical stage' of a criminal proceeding,.... prejudice is presumed.     Jack 64 sw 3d 694

A motion for new trial is also the proper time to develop a record to demonstrate ineffective assistence of counsel during trial.
Trevino 565 sw 2d 938

Hearing on motion for new trial is the ONLY opportunity to present to trial court certain matters for appellate review. Motion for new trial hearing is the proper time to develop a record to determine ineffective assistance of counsel during trial. USCA6, TRAP 43.6   Alvarez 79 sw 3d 679

Prudhomme was harmed because he asserted a facially plausible claim based on matters OUTSIDE the record upon which the trial court would have been required to hold a hearing if motion had been presented and a hearing requested. Champion 82 SW 3d 79 ... 28 SW 3d 120 @ 121 When a motion for new trial raises matters NOT determinable from the record which COULD entitle movant to relief. The trial court abuses discretion in failing to hold a hearing if the allegations are supported by affidavit showing truth of the matters asserted. TRAP 21.1 et seq. Champion 82 SW 3d 79

Prefection of appeal is prerequisite to invoking jurisdiction of Appellate Court Rule App Proc Rules 40(a), 41(a). Stevens v McClure 732 SW 2d 115

[Evidence] See attached: affidavit, see Statement of events

[Harm] Relators Constitutional right; right to counsel was violated. Relator is entitled to counsel at all critical stages. The 30 days post conviction is a critical stage in which he would have filed a Motion for new trial on the grounds set forth below, as he is entitled to an appeal as granted by the trial court pursuant to TRAP 25.2.

In filing a motion for new trial, once counsel has been appointed Relator brings the following forth to the trial court.

[ Issue to be presented in
Motion for new trial ]                              [authority]

| | |
|---|---|
| Due Process violation | USCA 5, 6, 14 |
| Brady Violation | Brady v Maryland |
| Newly discovered evidence | TCCP 40.001 |
| Prosecutorial Misconduct | TCCP 1.04 |
| Improper admonishment | TCCP 26.13 |
| Involuntary plea | TCCP 26.13 |
| No fair/impartial trial  TCCP 1.04 | USCA 5,6,14, Tx Const I §10,19 |
| Actual innocence | USCA 5 |
| Double jeopardy | USCA 5 |
| Ineffective assistance of counsel | USCA 5, 6, 14 |

E. RELATOR'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL VIOLATED

[Summary] Relator submitted petitions to the court stating appellant did not receive, nor waived his right to effective assistance of counsel as guaranteed by Const. right. Respondents refusal to perform ministerial acts/duties denied/deprived Relator of his right to petition court for relief. Relator is also guaranteed right to effective assistance of counsel on his 1st appeal, the direct appeal. Respondents refusal to perform acts/duties has impacted the Relator from bringing the following items/issues before the Judge for a ruling:

1. Appellate counsel lied to client and to the court, Martinez 163 SW 3d 88

2. Counsel did not pursue a 'meaningful' appeal, Martinez 163 SW 3d 88, Shields 550 SW 2d 670, Evitts v Lucey 469 US 387

3. Counsel did not know/research the law Cuyler v Sullivan 446 US 335 Sears v Upton 130 S Ct 3259

4. Failure to investigate/research Ex Parte Axel 757 SW 2d 369

Cuyler v Sullivan 446 US 335, Sears v Upton 130 S Ct 3259

5. Counsel did not have 10 days to prepare. Tccp 49.4, 26.04, Austin 410 sw2d 439, Gudel 368 sw2d 775, Marin 891 sw2d 267, Cevett 521 sw2d 619, Catalan v Cockrell 315 F3d 491, Ex Parte Welborn 785 sw2d 391

6. Counsel had conflict of interest Brewer 649 sw2d 628, Perillo v Johnson 79 F3d 441

7. Counsel put his own interest ahead of clients Brewer 649 sw2d 628, Tyree 342 sw3d 808

8 Counsel gave bad legal advice to client Mitchell 762 sw2d 916

9. Counsel stated he was 'too busy' to help client Tyree 342 sw3d 808

10. Counsel perjured self Chabot 300 sw3d 768, Ex Parte Castellano 863 sw2d 476

11 Counsel failed to safeguard appellants rights Martinez 163 sw3d 88, Jack 149 sw3d 119

12. Counsel denied appellant opportunity to make record for appellate review. Prudhomme 28 sw3d 120

13. Counsel failed to inform ~~the~~ appellant of filing a pro se response, not a pro se brief, as well as the amount of extensions he could be provided. ~~Marlow~~ Ned. 729 sw2d 365, Marlow 886 sw2d 314, Henry 948 sw2d @341


[authorities] USCA 5,6,14 Tx Const 1,8,10, Tccp 1.04, 1.051

Defendant has right to effective assistance of counsel on 1st appeal Evitts v Lucey 469 US 387


Defendant was effectively ABANDONED by counsel during time of prep, filing and presenting motion for new trial. The defendant identified a theory on appeal that would require development in motion for new trial. Thus he was prejudiced by the lack

of counsel. See also Davis 228 SW3d 917    Salazar 222 SW3d 7

... retained counsel took no steps to see that petitioner was afforded a meaningful appeal and such inaction was taken without petitioners knowledge ... retained counsel failed to diligently prosecute the appeal after representing that he would do so. This amounts to a breach of legal duty by retained counsel. Shields 550 SW2d 670

Defendant did not waive his right to complain on appeal of ineffective assistance of counsel at trial by failing to object to errors at trial. TRAP 33.1(a) can not be read to bar appellate claims of assistance ... Robinson 16 SW3d 808

In Holmes, S.C. the Supreme Court stated 'whether rooted directly in the Due process clause of the 14th amend or in the compulsory process or confrontation clause of the 6th amend the Constitution guarantees a criminal defendant 'a meaningful opportunity to present a complete defense." Holmes v Tx 323 SW3d 163

For purposes of ineffective assistance of counsel, Criminal Court of Appeals will not reverse conviction due to counsels failure to investigate facts of case UNLESS consequence of failure to investigate is that the sole viable defense available to accused is not advanced and there is reasonable probability that, but for counsels failure to advance defense, result of proceeding would have been different. USCA6 McFarland 928 SW2d 482

53

Counsel must consistently serve the clients interest to the best of his ability. McCoy 486 US @ 438

In the appellate court context the right to counsel requires that counsel be available to assist in prep and submitting brief to the appellate court and... play the role of an active advocate. Evitts v Lucey 449 US 387, 394 105 Sct 830 (1985). The issue whether counsels actions or inactions constituted actual or constructive denial of effective assistence of counsel, resulting in petitioner being denied his right to appeal his conviction and sentence. If so, no further showing of prejudice is needed. Petitioner was denied effective legal representation on direct appeal and action of appellate counsel constructively denied petitioner right to appeal. In addition certain claims of trial court error not raised on direct appeal were not cognizable on State Habeas Corpus. As petitioners appellate counsel provided no meaningful appellate assistence of counsel at all, prejudice is presumed. Consequently petitioner need not further establish as a pre requisite for Habeas Corpus relief that he had some chance of success on appeal. Coxwell v Quartermann 292 Fed Appx 317 (5th 2008) Denton v Stephens 2015 US Dist Lexis 33003 (N.D. Amarillo 2015)

"Yet trial court has a duty to exert his best efforts to ensure his clients decisions are based on correct info as to applicable law". Ex Parte Wilson 724 sw 2d 72, 74... "An attorneys failure to give competent advice to a defendant which would promote an understanding of the law in relation to the facts and would permit an informed and conscious choice is error" Ex Parte Morse 591 sw 2d 904, 905..." In

assessing competence an appellate court holds counsel accountable for knowledge or the ability to attain knowledge of relevant matters which are neither novel or unsettled. McClain 2015 Tex App Lexis 2505

Due Process violation of 14th amendment, use of perjured testimony Ex Parte Castellano 863 sw 2d 476

[Evidence] See attached affidavit, See Statement of events

[Harm] Relator did not waive his right to effective assistance of counsel. Further, Relators rights were denied by Respondents failing / refusing to perform their ministerial acts / duties. By not filing Relators petitions on the docket and submitting to the court for review in a timely manner, a Judge could not rule on the petitions. Relators petitions for post conviction relief as allowed by law have been denied in violation of his constitutionally guaranteed rights, it is through Due process Relator seeks to gain effective assistance of counsel.

F. RELATOR'S CONSTITUTIONAL RIGHT TO ACCESS TO COURTS HAS BEEN VIOLATED
[Summary] Relator submitted evidence to the court of appeals that he was denied 'meaningful' access to courts on several occassions; especially during 'critical stages' of trial and he requested relief.

Relator filed complaints and grievances with TDCJ, and not only informed the court, Relator provided evidence to the court of the grievances filed. Relator was denied access to the law library 1) Several times by security not performing their jobs. Any attempts to bring this up went unheard, not only by speaking, or asking to speak to a supervisor, TDCJ officials denied Relator access to speak with superiors, complaints submitted went unanswered, and grievances were not reviewed or followed up on. 2) unit was on lockdown for almost a month during the time Relator was attempting to research his case and prepare a response to the court. 3) Relator was on 'medical chain' and away from the unit during this period. while on medical chain he did not have ANY law library access and upon return he was in 'overflow' for quite sometime. During this period the ONLY time Relator was allowed out of cell was to shower. There was no recreation, day room, phone, law library, Church, Commissary access. It was 24hrs a day confinement; it was NOT for disciplinary reasons. It is through access to courts where Relator can learn the laws, procedures and rules of the court. Without proper 'meaningful' access an appellant can not meet the strict time lines of the courts; he can not possibly learn all of the laws, procedures, rules that pertain to his case. Without meaningful access he also can not properly submit motions or even possibly articulate matters to the courts in a manner that

would comply with even most of the rules. Without access to courts an appellant / defendant is left in a cell to stare at the 4 walls, without the means to defend himself or be able to seek due process by filing petitions. How can he file a valid petition / Motion?

[authorities] USCA 1,5,14 Tex Const 1 §10 TCCP 1.04, Scarborough 777 SW2d 83, Musgrove 425 SW3d 609, Davis v Lafler 692 F Supp 2d 705 (E.D Mich 2009)

In Eng v Coughlin 858 F2d 889 (2d Cir 1988) confinement in Segregated units... the right to substantial assistance is an obligation imposed by Due process clause of 14th amend. Id @ 898. Tate v Wood 963 F2d 20 (CA2 1992)

Hebbe states in his complaint that he was still on lockdown, and thus had no access to law library for that entire 30 day period. He asserts he was therefore unable to research and file supplemental appellant brief by the imposed deadline. Hebbe alleges prison officials violated his constitutional rights to court access, grounded in the 1st amend, right to petition and 14th amend right to due process by denying him access to prison law library. While the facility was on lockdown, and denial prevented him from filing a brief in support of his appeal of state court conviction. Hebbe v Pliler 627 F3d 338 (CA9 2010)

The Fifth and Fourteenth amend. prohibits the goverment from depriving an inmate of life, liberty or property without Due Process of law. A violation of procedural due process requires 1) that the State has interfered with the inmate's protected liberty or property interest, and 2) that procedural safe guards were constitutionally insufficient to protect against unjustified deprivations. 42 Geo L.J. Ann Rev Crim Proc 1074, 1075 (2013)

Due diligence therefore does not require a prisoner to undertake repeated excercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. More over, the due diligence inquiry is an individualized one that "Must take into account the conditions of confinement and the reality of the prison System." Montenegro    Aronu US 291 F3d 708

.... right of access claim stated prisoner pursuing legal action denied access to courts for 25 days during lockdown in wake of prison riot. 42 Geo L.J. Ann Rev Crim Proc 1045 (2013)

.·. prison officials retaliated for excercizing 1st amend right to petition.    Simpson v Nickel 450 F3d 303, 305

... thereby violating the 14th amend and right of access to courts. The right of access to courts is fundamental See Johnson v Avery 393 US 483, 485, 89 SCt 741, See also Bounds v Smith 430 US 817, 821, 97 SCt 747, Thaddeus-X v Blatter 175 F3d 378, 391 (noting that it is now established that prisoners have a Constitutional right of access to courts, which extends

to direct appeal.     Doe v Kafler 601 F3d 439 (CA 6 2010)

Meaningful access to justice has been the consistent theme of many of cases. We recognize long ago that mere access to courthouse doors does not by itself assure a proper functioning of the advisory process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense. .... it has often reaffirmed that fundamental fairness entitles indigent defendants to "an adequate opportunity to present their claims fairly within the advisary system." Ross v Moffit 417 US 600 @ 612, 94 S Ct 2437 @ 2444      Ake v Oklahoma 470 US 78, 84, 105 S Ct 1087

[Evidence] See attached affidavit,   See Statement of events

[Harm] TDCJ as State goverment has initially deprived Relator of his 5th + 14th rights from due process. It is through the courts' using motions / petitions that the Relator seeks relief in attempting to use his 1st amend right to petition the courts. TDCJ has denied / deprived Relator of this right by not allowing meaningful access. Respondents have further denied Relator his right to petition court for relief and rule on Relators due process rights so that he can appeal his conviction and pursue post conviction relief as allowed by law. Without 'meaningful' access to the law

library, Relator can not even begin to learn the laws, procedures or rules. Relator is not a lawyer, paralegal nor a legal assistant; he has in no way been trained in the science of the law and its particular rules for submitting petitions/motions properly. Legal professionals have spent many years learning the core profession. It is impossible for the average lay person to meaningfully defend himself 1) without access to courts 2) the government interfering with access to courts 3) the Respondents not performing their duties 4) adequate time and materials to gain knowledge of the processes. The strict timelines that the courts have imposed are unconstitutional for the average person to navigate; Without the courts to review case by case scenarios of Relators submitting the 'extraordinary matters' to be reviewed and ruled upon by a Judge that will allow justice to be served 'in the interest of justice'; Rule 2b TRAP. If appellant/Relator can not gain meaningful access to courts and find this rule or others that allow for a liberal construction of the rules; he is prejudiced from a meaningful opportunity to offer a defense, prepare for trial, submit a Pro se RESPONSE or brief.

## G. RELATOR IS BEING DETAINED ILLEGALLY

[Summary] Respondents refused to perform their ministerial acts/duties as prescribed by law, failing to perform their acts/duties has resulted in a miscarriage of justice calculated to injure the rights guaranteed to Relator through the US and Tx Constitutions. Relator desires to appeal his conviction and has made repeated attempts to notify the court of appeals of issues. Relators constitutional rights continue to be violated, thus being detained illegally. Relators right to liberty is violated by Respondents refusal to perform acts/duties, Relator is entitled to: 1) the right to petition courts 2) due process and 3) protection against the deprivation of life, liberty or property. Liberty is more than actual physical (personal liberty) it also includes fundamental rights.

[authorities] USCA 1, 5, 6, 14   Tx Const 1 § 10, 19   TCCP 1.04

The 5th + 14th amend prohibits the government from depriving an inmate of life, liberty or property without due process of law. A violation of due process requires 1) the state interferred with the inmates protected liberty or property interest, and 2) that procedural safeguards were constitutionally insufficient to protect against unjustified deprivations. Protected liberty interest can be created by: Due process clause of it's own force, a court order or, State statutes or regulations. A prisoner claiming deprivation of a State created liberty interest must specify what regulation or statute created the interest.
    42 Geo LJ, Ann Rev Crim Proc 1074-1076 (2013)

[Evidence] See attached affidavit

[Harm] The Constitutions (US+TX) guarantee Relator of certain unalienable rights as prescribed by law. Respondents refusal to perform ministerial acts/duties continue to violate Relators right to petition for appeal or relief, due process, counsel, right to effective assistance of counsel, access to courts and Relators personal liberty and fundamental rights,

## I.  Prayer

Relator prays the courts will review the case, and evidence submitted along with the motions submitted and grant the Relator the relief he is requesting through the courts. He prays the courts will see the errors he has pointed out and assist him by ruling on these Motions and writs granting the maximum relief allowed by the courts.

I, George Wilhelm Vogel, TDCJ 1902544, Relator/Appellant prose, being presently incarcerated at the Polunsky Unit of TDCJ in Polk County TX verify and declare that I have reviewed and conclude that every factual statement is supported by competent evidence included in this document and declare under penalty of perjury that the foregoing statements are true and correct to the best of My Knowledge and or beliefs Executed on this 7 day of Nov 2015. Written in accordance with TCCP 132.003 and 11.14(5); unsworn declaration by inmates and statements of declaration and oath.

George Wilhelm Vogel

TDCJ # 1902544

Polunsky Unit

3872 FM 350 S.

Livingston Tx 77351

This page intentionally left blank.

Appendix follows

BLANK

<u>Affidavit Statement</u> 'pages 65-80

The information contained within this affidavit is for the motion(s) and writ(s) submitted to the court(s).

On Nov 18,19, 2013 I was convicted on Trial Case # 13-04-04450-CR in the 359ᵗʰ District Court of Montgomery County, (located at 207 W. Phillips St, Conroe TX 77301), the Honorable Judge Kathleen Hamilton presided over the case. Conviction is being appealed through the 14ᵗʰ Court of Appeals of Harris County, (located at 301 Fannin St, Ste 245, Houston TX 77002), case numbers 14-14-00104 -CR, 14-14-00105CR and 14-14-00106-CR.

[Relators due diligence to attempt to notify TDCJ and Court(s) of Constitutional rights issues related to: petitioners right to petition court(s) and denial of right of access to courts; thus interfering with my rights to petition and filing petitions (motions, letters, responses) in: a) a timely manner b) properly formated and in accordance with Tex Rules of Appellate procedure.]

[Relators petitions to the court]

I submitted petitions (letters, motions, responses) to the Clerk of the Court / Court of Appeals at the addresses listed above on or about the dates listed in the attached 'statement of facts'. These items were submitted to TDCJ officials to be mailed. In late 2014, - 2015 the following items were discovered:

1. The Law Library mailbox (located at the housing unit) was full of unprocessed requests, petitions, ... that dated back several years. The previous Law Library supervisor refused to do his job to ensure these requests were being processed.

2. The previous Law Library supervisor's locked desk was full of undelivered/unmailed letters.

3. TDCJ security employees were discovered throwing out

inmates mail

4. Supervisor of mailroom acknowledged past issues with employees, related to issues of mail + delivery issues. I made Supervisor aware of additional issues at the housing unit.

5. I was denied the ability to send items 'certified mail' by the previous Law Library Supervisor to the courts.

6. Montgomery County Jail + TDCJ security are in violation of interfering with defendant, appellant, relator (s) rights of access to courts by denying the individuals access to the law libraries. Preventing individuals from safeguarding their rights, the right to petition, the opportunity to provide a 'meaningful' defense, right to counsel, Due process,... It is through counsel or access to courts where individuals can prepare for trial. I was denied access the entire time at county jail, and am frustrated with trying to obtain access to courts through TDCJ, in attempts to meet the courts timelines.

7. TDCJ - (Access to Courts) denied my request to send Pro Se RESPONSE and brief using certified mail.

The TRAP mailbox rule and suspensions of the rules in the interests of justice should apply to my case considering the "extraordinary matters" being presented to the court (s) via the petitions, affidavit and evidence.

[ Indigence ]

Since arrest 4/2013 through present date, I have maintained an 'indigent' status. An inmate trust fund account statement has been included with the motions / writ (s) showing my continued indigence. Thus, I could not pay for: 1) items to be mailed using certified mail,

only through indigent status via the law library could I attempt to mail items "Certified mail" and multiple times they were rejected. 2) Counsel, (Certificate of inability to pay is included with my motion for appointed counsel), even tho my financial status has not changed. 3) Copies of: letters/grievances/evidence to present to court related to or referenced in the affidavit or statement of events. However, given the opportunity (if, court deems it necessary to view the evidence) I could provide the documents as evidence during a hearing. Otherwise, I present such evidence as true in this written and sworn affidavit under penalty of perjury, as allowed by law.


II [VIOLATION OF MINISTERIAL ACTS/DUTIES]

As stated above, I sent/submitted petitions (letters, motions, responses) to the Clerk of the Court/Court of Appeals to the address listed above on or about the dates shown on the attached 'Statement of events'. 1) I have made numerous attempts to make TDCJ/Court(s) aware of the Constitutional rights being violated. As of the date of this writing I have not received a copy of the endorsed petition(s). 2) The respondents have refused (after several requests) to place the items on the docket and present to Judge for a ruling. 3) The respondents have failed to perform their ministerial acts/duties as required by law, and in 'reasonable time'. 4) Respondents have refused to communicate, reply or respond to my numerous attempts to communicate with the Clerk or the court; I was not even given the courtesy of any type of response or reply. 5) Respondents have failed to prevent prejudice as required by law.

### Ministerial acts / duties (requirement + prerequisite for relief)

[Legal duty to perform]

Respondents have a legal duty to perform ministerial acts as officers of the court pursuant to the authorities cited previously.

[Demand performance]

Relator submitted several petitions to the court, to be endorsed, filed on the docket and submitted to the Judge to rule on. Relator is entitled to relief by petition as allowed by law as previously cited.

[Refusal to act]

Respondents have refused to perform their ministerial acts/ duties, this includes but is not limited to: endorsing petitions, filing petitions on the docket (whether submitted timely or not), notifying both parties of any defects or errors, allowing party to amend or correct error on motion/ petition for appeal, submit to Judge for a ruling in a timely manner, oversee the disposition of the docket process and manage it. Respondents have failed to communicate any defect or error that could be appended or corrected. There has been no response from Respondents, not even a courtesy reply.

[No adequate remedy]

Relator has been denied/deprived of his US + Tx Constitutional rights by Respondents neglecting to perform their acts/duties.

68

Relators Constitutional rights are being violated by Respondents
Relator has the 'guaranteed' 'right' to petition the court(s) for
post conviction relief. In petitioning the court(s) for relief
he seeks to bring the additionally Constitutionally guaranteed
rights violations to the attention of the court through the
petition (letters, motions, responses). The additional rights the
Relator seeks are Due process, right to counsel, right to
effective assistance of counsel, right to access to courts,
and his liberty. Relator is being illegally detained without
the guaranteed provisions (rights) as allowed by law. This
is Relators only opportunity to bring these items up for
appellate review. Relator has no other adequate remedy.

The 3 requirements to Mandamus are 1) legal duty to perform;
2) demand for performance; and 3) refusal to act.
The prerequisits are 1) act is purely ministerial; 2) Relator has
no adequate remedy.

As noted in this section and throughout the writ(s), with
evidence supplied in the affidavit and statement of events
contained within the writ(s).

Respondents have a legal duty to perform ministerial acts/duties as required by law. I have repeatedly submitted petitions (letters, motions, responses) to the Clerk of Court/Court of Appeals demanding performance of their ministerial acts/duties. Respondents have refused to perform their ministerial acts/duties. The acts/duties requested are purely ministerial and I have no other adequate remedies available.

Had the Clerk of Court/Court of Appeals, endorsed, filed and docketed the case; then presented to Judge to rule upon, I would have been notified that my petitions (...) had been placed on the docket, I would have received notification by the court of a cause number or docket number, I could have requested a motion for a hearing and requested appointment of counsel, also with the docket number I could have attempted to prepare for trial and provided TDCJ notice of my trial date, thus might additional right of access to courts, in order to show my need to meet the courts deadlines.

The cause and effect of Respondents refusal to perform their ministerial acts/duties have caused many of my rights guaranteed by US & Tex Const. to be violated, as shown further below; resulting in a miscarriage of justice.


II [ Respondents VIOLATED RELATORS RIGHT TO PETITION ]
As of said date as sworn to in this affidavit, I the Relator George Wilhelm Vogel appellant pro se have not received any replies/responses to most all communications sent to Clerk of Court/Court of Appeals on my issues submitted on the dates included in the Statement of events' as attached. I have on numerous

occessions attempted to communicate with the court as to my issues related to my case and my desire to show due diligence in pursuing my appeal, all have been unsuccessful and I am completely frustrated in the futility of attempting to communicate with the court and gaining access to my "guaranteed" rights. These issues include: no access to courts, no counsel during critical stages of proceedings, Right to effective assistance of counsel, due process. I have been denied/deprived of my right to petition the courts for relief by Respondents. It is through counsel and access to courts (law library) through which I am trying to petition the court for relief. I believe I have provided "due diligence" and provided the court "reasonable time" to comply with my petitions. As of said date Respondents refused to perform ministerial acts/duties, even after repeated attempts to communicate with the respondents; thus denial of my right to petition the courts for relief as allowed by law. Had Respondents performed acts/duties as described I would have received an endorsed copy of the filing on the docket and the Judge would have had an opportunity to rule on the petition/motion. I could show TDCJ, Law Library that I had to prepare for a pending trial and try to meet the courts deadline; nor was I granted an opportunity to present a defense or an evidentiary hearing; or the possibility to present such motions for review. I have not received any notifications from the court related to filing my petitions on the docket.

III [ VIOLATION OF RELATORS CONSTITUTIONAL RIGHTS ]

By Respondents refusing to perform ministerial acts/duties as set out in the above section [Violation of ministerial acts/duties]. Respondents have effectively denied/deprived me of my ability to petition the courts; but they have also denied/deprived me of my constitutionally 'GUARANTEED' 'RIGHTS', in which I am trying to safeguard and seek post conviction relief of my appeal & conviction as described further below in this section,

A. Respondents failure to perform ministerial acts/duties has denied/deprived me of Due process

B Respondents failure to perform ministerial acts/duties has denied/deprived me of right to petition court & post conviction relief

C Respondents failure to perform ministerial acts/duties has denied/deprived me of a fair and impartial trial.

D Respondents failure to perform ministerial acts/duties has denied/deprived me of right to counsel.

E Respondents failure to perform ministerial acts/duties has denied/deprived me my constitutional right to effective assistance of counsel.

F. Respondents failure to perform ministerial acts/duties has denied/deprived me of access to courts. Without access to courts I cannot meet the courts deadlines, properly prepare, submit or argue motions, responses, briefs or even attempt to defend my self as I am not a lawyer, paralegal nor a legal assistant. It is only through counsel and access to courts that one can even begin to prepare. I do not have access to the same raw materials that my adversary has. Not only has TDCJ-Security violated my

access to courts, the Respondents by refusing to perform their acts / duties have further complicated / delayed my access to courts by ignoring my communications. I can not begin to meet the courts strict guidelines, the laws, procedures, rules of the courts if I can not gain meaningful access to courts. If, I had been a 'habitual' offender I may have in the past been aware of procedures, laws, rules, ... As a first time offender I am having to learn the science of the law, procedures, rules, ... But without meaningful access to the library I have no chance to succeed. Also I was on medical 'chain' and away from this unit while at another unit they housed me in a 2 man cell, no access to law library there. Upon returning to this unit I was placed in 'overflow' again a 2 man cell with no access to the law library for a few weeks. Finally the unit was on lockdown for almost a month, another period without access to courts (law library). My filing of I-60 (TDCJ petitions) + grievances to TDCJ have been refused. They have not looked into the issues, and several issues still remain today. This was during my time to file brief.

G) Respondents by refusing to perform ministerial acts / duties have denied / deprived me of my Constitutionally 'guaranteed' 'rights'; thereby I am being illegally detained. I have tried to safeguard my rights, I have notified TDCJ and the court that my rights continue to be violated. I have asked / petitioned for help / relief and it has been denied by Respondents by their refusal to perform their jobs.

I have been prejudiced by Respondent's refusal to perform their ministerial acts/duties as officers of the court.

The 30 days post conviction is the ONLY time to bring items to the attention of the appellate court, and is considered a 'critical stage' of the proceedings, at which time I did not have ANY appointed counsel to assist me; nor did I have ANY access to courts (law library) at that time. Had I received counsel, I would have filed a motion for new trial. I have several meritorious claims to bring to the courts attention to include, but not limited to: Due process violation, Brady violation, Newly discovered evidence that was found after trial, prosecutorial misconduct, improper admonishment, involuntary plea, no fair/impartial trial, actual innocence, double jeopardy and ineffective assistance of counsel. If I had access to law library and had I known of the time frame in which to file the motion; I would have done so myself.

Additionally Appellate Counsel was made aware of several meritorious errors for the appeal that were 'structural errors', yet counsel chose to file a brief stating their were not any meritorious issues he could find. He chose not to investigate and put his interests ahead of his clients. My appellate counsel had a conflict of interest and chose his personal interests ahead of mine. Not only did counsel repeatedly lie to me, he perjured himself to the court in acknowledging there were not any issues to pursue; thus filing an Anders brief.

Counsel met with me on Friday afternoon. I mentioned in the short meeting that I had several issues to bring up and not to file brief until we had a chance to go over them. He said mail it to me. During this same conversation he informed me that he 'just got the case' and did not have my transcripts, he would have to order them. Yet on Tuesday, just a little more than 1 business day later, he filed an Anders brief. He didn't investigate any of my claims, there is no way he could have received my information and researched any of it in such a short time frame. In late Oct early Nov he came by to visit I asked him about my case / paperwork. He stated he never received it, 'Send it and I will look into it. Each time I felt that counsel was working on my case; but as it turns out he was not. I sent him the issues again. In late Feb 2015 / March 2015 attorney returned my original paperwork that I submitted to him. He had lied about not receiving the paperwork and further stated he 'was hoping to have more time to go over it; however my practice has not allowed me to devote the time and resources that your issues require." He lied to me, was too busy to help me and perjured self in filing the brief to the court. He also provided bad legal advise as he informed me (briefly) that I would need to file a Pro se Brief. To which I started to work on a 'Brief'; however he should have informed me to simply file a Pro se response. I was not aware of this until MUCH later (again, issues related to access to courts). I received no effective assistance of counsel on direct appeal due to several issues to include ineffective assistance of counsel, conflict of interest; which I tried

to bring to the attention to the COURT OF Appeals. Appellate counsel was made aware of 'structural errors' verbally and that I did not have counsel during the time to file motion for new trial. A simple search of the 'record' would have shown that I did not have counsel during that time, that there were issues to bring up in motion for new trial. It was as if during direct appeal effectively there was no counsel at all, just mere presence. Since he stated he 'just got the case' and yet filed Anders brief on Tues, counsel did not have 10 days to prepare for trial and I did not waive that right; nor my right to effective assistance of counsel on direct appeal. Given the gravity of the offense and the time sentenced, the brief visit by counsel in relation to the case was not substantial. There was not a full consult. Simply put appellate counsel was too busy to work on my case and should have 1) requested an extension to file brief 2) requested the court to allow him to hire additional /funds help to investigate the case 3) requested the court to appoint co-counsel to assist him 4) withdrawn from case by filing motion for new counsel. He is in violation of ABA standards and my guaranteed rights to due process and counsel.

These matters above were brought before the court, I bring them before this court now in 2 ways, by way of motion to appoint new counsel, by writ of mandamus or both. [Additional Evidence of items mailed]

I have requested mail logs through mail room + law library and have been denied. They stated the courts can obtain access to them. J.Vogel

## Statement of events

Nov 19, 2013  Trial Court 359th Montgomery County, appellant convicted

Dec 13, 2013  Notice of appeal, counsel files motion to withdraw

Dec 13, 2013 — June 13, 2014  no counsel appointed to represent defendant, no counsel during 30 days post conviction to file motion for new trial. Defendant had NO ACCESS TO COURTS during time period to file for new trial

June 13, 2014  Counsel visits appellant, he states he "just got the case" and "I don't have the transcripts, I will have to order them." Very short interview/meeting. Appellant states he has several meritorious claims. Counsel states "send items to me", & provided address. Appellant notifies counsel do not file until we have a chance to go over items.

June 17, 2014  Anders brief filed (without knowledge of client, no 10 days to confer, counsel failed to investigate.

June/July 2014  Appellant notified to file a "brief" by counsel, not a response. Appellant should have been made aware "response" needed to be filed, not a brief, also counsel did not inform about # of extensions.

July 2014  Appellant left unit on "Medical chain", no access to courts at other unit. On return appellant placed in "Overflow" in Administrative Segregation unit for a few weeks with no access to courts

Aug. 2014  Sent motion to extend timeline for "brief" filed in early Aug. Requested 90 days to file "brief".

Aug-Sept 2014  Unit placed on lockdown late Aug, through most all of Sept, appellant had no access to courts, could not work on "brief".

Sept 19 2014  Sent motion to extend timeline, requested 60 days extension for "brief", notified court of problems not receiving extensions. No response from court or reply

Oct-Nov 2014 Late Oct or early Nov attorney meets with client. Client asks state of investigation of items submitted to attorney on meritorious issues to pursue on motion for new trial. Attorney states he "never received them". He stated to client "resend them and I will look into it." I stated I sent my only copy, it would take some time to gather and resubmit; he stated that was fine just send them to him. I recapped several 'structural' errors during our meeting.

Nov 20, 2014 Sent letter to court. 1) Requested research of extension issues. 2) Requested courts receipt of prior letters, motions + if they replied to Sept motion 3) Requested current due date 4) Requested to extend date, still researching case, ... No response or reply

Dec 2014 Court of Appeals affirms judgement

Dec 2014 3 letters sent about 1/ week to court. addressing issues related to extensions to file brief, dates of motions / letters, I stated showing of due diligence. Court notified of no access to courts due to lockdown, and issues with security at TDCJ trying to get access to courts. Evidence of access to courts issues sent to Court of Appeals. I stated my frustration trying to get access to courts. Also notified court of medical condition making access to court very difficult. No response or reply

Jan 2015 letter sent to court, no response or reply

Jan 2015 letter sent to Criminal Court of Appeals

Feb 2015 letter received from Criminal Court of Appeals

Feb 2015 letter sent to court of Appeals, references letter sent Jan '15, also TDCJ security issues, appellant problems with access to courts issues. Appellant requested appointment of new counsel. No response or reply

Feb 2015 ~ last week of Feb. Attorney returns my 'original' issues (meritorious claims info that I sent to him. In Oct/Nov he stated he never received my paperwork; yet he now gives it back to me. He further states he "was hoping to have more time to go over it; however my practice has not allowed me to devote the time and resources that your issues require." He lied to me about paperwork + perjured self in submittion of brief, and was 'too busy' to work on my issues/case, thus conflict of interest

Feb 2015 (~ March) Received mandate, no reference to which motion, letter, response was ruled upon or why. Incorrect statement in opinion, appellant was NOT made aware of right to file response. Only 1 case referenced in letter.

May 2015 Motions submitted, pro se response and the pro se brief appellant had been working on. No response or reply

Aug 5, 2015 Letter sent to court. Requested endorsement and copy to be sent back to appellant; letter to be presented to the court with argument. (Letter presented a recap of events) and a status/action/resolution for each item submitted. Court notified that appellant has not received any response from court, stated desire to appeal case. Notified that attorney has not communicated with me, he has effectively abandoned me since he was appointed to me. No response or reply

Aug 25, 2015 Case still not 'active'. TDCJ officer made inquiry into status of case. Was informed it was not 'active'.

Nov 2015 No response back from COURT OF APPEALS.

Nov 2015 Denial of access to courts continues to be a problem with TDCJ security. Law Library supervisor aware of issues, however this is a security related issue as TDCJ security is denying access to courts, not Law Library staff.

<u>Certificate of Service</u>

I certify that a true and correct copy of the foregoing motions have been forwarded by US mail postage prepaid in first class to the courts on this 7 day of Nov 2015.

George Wilhelm Vogel
Petitioner, Pro Se.

I, George Wilhelm Vogel, TDCJ 1902544 being presently incarcerated at the Polunsky Unit of TDCJ in Polk County, Tx verify and declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and or beliefs. Executed on this 7 day of Nov 2015. Written in accordance with TCCP 132.003 and 11.14 (5); unsworn declaration by inmates and statements of declaration and oath.

George Wilhelm Vogel
TDCJ # 1902544
Polunsky Unit
3872 FM 350 S.
Livingston Tx 77351

Blacks Law Dictionary 10th Ed (2014)

Act (2) p30
 Ministerial act - An act performed without the independent excercise of discretion of judgement. If the act is mandatory, it is also termed a ministerial duty. See Ministerial duty under Duty (2).

Duty (2) p617
Ministerial duty A duty that requires neither the excercise of official discretion nor judgement.

Ministerial p1146
of relating to, involving act that involves obedience to instruction or laws instead of judgement, skill or involving a duty so plain in point of law and is so clear in matter of fact no element of discretion is left to the precise mode of performance. ex (the Court Clerks ministerial duty includes recording the judgements on the docket)

Ministerial officer p1258
an officer who primarily executes mandates issued by office superiors, one who performs specified legal duties when the appropriate conduct have been met, but who does not excercise personal judgement or discretion in performing those duties.

81

## Texas Code Criminal Procedure (TCCP)

### 2.03    Neglect of duty

(a) It shall be the duty of the attorney representing the State to present by information to the court having jurisdiction, any officer for neglect or failure of any duty enjoined upon such officer, when such neglect or failure can be presented by information, whenever it shall become knowledge of said attorney that there has been a neglect or failure of duty upon the part of said officer; and he shall bring to notice of the grand jury any act or violation of law or neglect of failure of duty upon the part of any officer, when such violation, neglect or failure is not presented by information, and whenever the same may come to his knowledge.

(b) It is the duty of the Trial Court, the attorney representing the accused, the attorney representing the State and all peace officers to so conduct themselves as to ensure a fair trial for both the State and the defendant, not impair the presumption of innocence, and at the same time afford the public the benefit of free press.

### 2.16    Neglecting to execute process

If any sheriff or other officer shall wilfully refuse or fail from neglect to execute any summons, subpoena, or attachments for a witness, or any other legal process which it is made his duty by law to execute, he shall be liable for contempt not less than 10 no more than 200 dollars, at the discretion of the court. The payment of such fine shall be enforced in the same manner as fines for contempt in civil cases.

## 2.21    Duty of Clerks

(a) In a criminal proceeding, a clerk of district or county shall:

1. receive and file all papers;

2. receive all exhibits at the conclusion of proceeding;

3. issue all process

4. accept and file electronic documents received from defendant ; if clerk receives electronic documents from State.

5. accept and file digital multimedia evidence received from defendant, if clerk accepts digital multimedia evidence from attorney representing state and

6. perform all other duties imposed on the clerk by law.


## 2.22    Power of Deputy Clerk

Whenever a duty is imposed on the clerk of the district or county clerk, the same may be lawfully performed by his deputy.

# TRAP Checklist for Motion for Mandamus

**Rule 52.1**

Page

✓ Petition must be captioned "In re [name of Relator]"    **11**

**Rule 52.2**

✓ Named party relief sought against.    **11,12**

**Rule 52.3**

Petition must under appropriate headings in order indicated contain

✓ A. Identities of Parties + Counsel., complete list of all parties, names + addresses of all counsel.    A. **12**

✓ B. Table of Contents, refer page # of petition. Toc must include subject matter of each issue, point, or groups of points    B. **13,13A**

✓ C. Index of authorities. Alphabetical list + pages of petition where authority is cited    c. **14-18**

✓ D. Statement of case, no more than 1 page should not discuss facts, Must contain:    D. **19**

✓ 1. Description of any underlying proceeding (suit, failure to pay child support, ...) (add trial case #'s)    D(1) **19**

✓ 2. If respondent is Judge, name, court, county; if other than Judge designation, office of respondent.    D(2) **19**

✓ 3. Description of respondents action, which relator seeks relief.    D(3) **19,20**

✓ 4 If seeking writ of Habeas Corpus, a statement describing how + where relator is deprived of liberty.    D(4) **19-20**

✗ 5. Does not apply.    D(5) **—**

✓ E. Statement of jurisdiction    E. **21**

✓ F. Issues presented petitioner must state consisely all issues presented for relief    F. **22-30**

✓ G. Statement of facts - every statement must be supported by citation to evidence in appendix or record.    G. **31-32**

✓ H. Argument - to include citation of authorities + to appendix or record.    H. **33-62**

✓ I. Prayer    I. **63**

✓ J. Certificate — must certify he/she reviewed it and conclude every factual statement is supported by competent evidence included in appendix or

J. 64

✓ K. Appendix Most contain

K. 65-86

✓ A. Sworn statement

K(A) 65-80

___ B. Opinion of CoA./SCt

K(B) ___

✓ C. Tx rules, statutes

K(c) 81,82,83

✓ D. Proof of Relator restrained

K(D) 12,80,86

✓ E. Optional — Court opinion
           Statute

K(EX1) ___

K(EX2) 81-83

           Documents

K(EX3) 86

(Appendix should not contain any evidence not material)

```
CSINIB02/CINIB02     TEXAS DEPARTMENT OF CRIMINAL JUSTICE          11/16/15
TL49/DC05027               IN-FORMA-PAUPERIS DATA                  07:03:54
TDCJ#: 01902544 SID#: 50276906 LOCATION: POLUNSKY      INDIGENT DTE: 01/27/14
NAME: VOGEL,GEORGE WILHELM               BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:         0.00 TOT HOLD AMT:         0.00 3MTH TOT DEP:
6MTH DEP:                 6MTH AVG BAL:              6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS



PROCESS DATE   HOLD AMOUNT     HOLD DESCRIPTION
                               -------------------------------
                               NO BANKING ACTIVITY
                               WITHIN THE PAST 6
                               MONTH PERIOD.
                               -------------------------------
```

STATE OF TEXAS COUNTY OF _POLK_
ON THIS THE _16_ DAY OF _November_, _15_, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____  OR SID NUMBER: _____

SHIRLEY GRIFFIN
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-09-2018